# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **MAMIE MADDOX,** )  )  | |
| **Plaintiff,** ) ) | |
| **v.** ) ) | **CV:** _____ |
| **AMERICA'S SERVICING CO., ET AL.,** ) ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendant Wells Fargo Bank, N.A., d/b/a America's Servicing Company ("ASC"), gives notice of the removal of the proceeding entitled *Mamie Maddox v. America's Servicing Co. et al.*, designated CV-09-000322, pending in the Circuit Court of Tuscaloosa County, Alabama to the United States District Court for the Northern District of Alabama, Western Division[1] and respectfully shows unto the Court as follows:

## I.   INTRODUCTION AND FACTUAL BACKGROUND

**A.   The Complaint.**  On or about April 1, 2009, a Complaint for damages entitled *Mamie Maddox v. America's Servicing Co. et al.*, was filed and is now pending as CV-09-000322 in the Circuit Court of Tuscaloosa County, Alabama. In the Complaint, Plaintiff seeks actual and punitive damages against ASC, arising

---

[1] Defendant specifically reserves any and all applicable defenses pursuant to Federal Rule of Civil Procedure 12.

from alleged negligence, wantonness, maliciousness, violation of the Fair Credit Reporting Act, invasion of privacy, defamation, and intentional infliction of emotional distress arising out of a mortgage serviced by ASC and secured by certain property located in Tuscaloosa County, Alabama. The nature of this action is more fully stated in the Complaint, a copy of which is attached hereto within **Exhibit A**.[2]

  **B.** **All Defendants Join.**  ASC is the only named Defendant in this action. Although ASC was not properly served with the Complaint, ASC has chosen to waive service under Rule 4 of the *Federal Rules of Civil Procedure* in order to proceed with this matter. Thus, in accordance with federal law, all named and properly served Defendants in this action have joined in this Notice of Removal.

## II. BASIS FOR REMOVAL – ORIGINAL JURISDICTION

  **A.** **Removal is proper under 28 U.S.C. § 1331.**  In her Complaint, Plaintiff asserts a claim under the Fair Credit Reporting Act ("FCRA"). The removal statute, 28 U.S.C. § 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is

---

[2] Exhibit A contains all pleadings filed in the Circuit Court.

pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

This Court is provided with subject matter jurisdiction over cases which arise under federal law. *See* 28 U.S.C. § 1331. Accordingly, "a case 'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint." *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985). "The federal question 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" *Id.* at 822 (*citing Gully v. First National Bank*, 299 U.S. 109, 113 (1936)). Section 618 of the FCRA provides, in pertinent part, "An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy . . . ." Thus, by specifically pleading a claim under the FCRA in her Complaint, the federal question at issue in this action is clearly disclosed and this Court is vested with jurisdiction under § 1331.

**B.** **<u>Removal is Proper.</u>** Since this matter involves a claim arising under a federal law, the United States District Court for the Northern District of Alabama has original jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, ASC has established the requirements for removal under 28 U.S.C. §§ 1441 and 1446.

**III. THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT**

    **A. Venue is Proper.** In accordance with 28 U.S.C. § 1391(a), venue is proper in the United States District Court for the Northern District of Alabama, Western Division, because, according to the Complaint, a substantial portion of the events giving rise to Plaintiff's claims occurred in Tuscaloosa County, Alabama, and the property subject of this suit is situated in Tuscaloosa County. Pursuant to 28 U.S.C. § 1441(a) and (b), this case may be removed to the United States District Court for the Northern District of Alabama, Western Division.

    **B. Removal is Timely.** ASC was not properly served in this matter, and has chosen to waive service under Rule 4 of the *Federal Rules of Civil Procedure*. Thus, thirty (30) days have not expired since ASC received notice of this action, making removal proper in accordance with 28 U.S.C. § 1446(b). In accordance with 28 U.S.C. § 1446, copies of all process and papers filed in this action are attached to this Notice of Removal as **Exhibit A**.

**IV. CONCLUSION AND REQUESTED RELIEF**

    For the reasons described above, ASC respectfully requests this Court to proceed with this matter as if it had been originally filed herein and that this Court grant ASC such other relief to which it is justly entitled.

Respectfully submitted on this the 2nd day of June, 2009.

                                               s/D. Keith Andress
                                               D. KEITH ANDRESS
                                               CATHERINE C. LONG

                                               Attorneys for Defendant Wells Fargo
                                             Bank, N.A.

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, Alabama 35203
Telephone (205) 328-0480
Facsimile (205) 322-8007

## CERTIFICATE OF SERVICE

    I hereby certify that on June 2, 2009, the foregoing has been served upon the following counsel of record via US First Class Mail, postage prepaid and properly addressed as follows:

Dennis Steverson
1023 7th Street
Tuscaloosa, AL 35401

                                       s/D. Keith Andress
                                       D. KEITH ANDRESS