FILED
2009 Jun-04  AM 11:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

*Original*

# SUMMONS - CIVIL
### Case No. CV 2009- 322

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

**Plaintiff: Mamie Maddox     vs.    Defendant: America's Servicing Company, et al.**

### NOTICE TO:
### AMERICA'S SERVICING COMPANY, ET AL.
### POST OFFICE BOX 10388
### DES MOINES, IA 50306-0388

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE PETITION, TO **DENNIS STEVERSON**, THE LAWYER FOR THE PETITIONER, WHOSE ADDRESS IS **1923 SEVENTH STREET, TUSCALOOSA, AL 35401.**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL ANSWER WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

_____   To any sheriff or any person authorized by either Rules 4.1(b) (2) or 4.2(b) (2) or 4.4(b) (2) of the Alabama Rules of Civil Procedure to effect service. You are hereby commanded to serve this summons and a copy of the Complaint in this action upon Defendant.

__X__   This service by certified mail of this summons is initiated upon the written request of **Dennis Steverson** pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.
Dated   4|1|2009                            Clerk *Magana H. Blo*

---

RETURN ON SERVICE:

_____   Certified Mail return receipt received in this
(Return receipt hereto attached).

_____   I certify that I personally delivered a copy of
_____ in _____ County, Alabama on

DATE _____            SERVER SIGN

ADDRESS OF SERVER _____
TYPE OF PROCESS SERVER _____

**U.S. Postal Service™**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .76 |
| Certified Fee | 2.70 |
| Return Receipt Fee (Endorsement Required) | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.66 |

Postmark Here

Sent To *America's Servicing Company*
Street, Apt. No.; or PO Box No. *P.O. Box 10388*
City, State, ZIP+4 *Des Moines, IA 50306-0388*

PS Form 3800, August 2006                 See Reverse for Instructions

-1-

*Jerenle*

# S U M M O N S - C I V I L
## Case No. CV 2009-*322*

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

**Plaintiff: Mamie Maddox     vs.     Defendant: America's Servicing Company, et al**

### NOTICE TO:
### AMERICA'S SERVICING COMPANY, ET AL.
### POST OFFICE BOX 10388
### DES MOINES, IA 50306-0388

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE PETITION, TO **DENNIS STEVERSON**, THE LAWYER FOR THE PETITIONER, WHOSE ADDRESS IS **1923 SEVENTH STREET, TUSCALOOSA, AL 35401.**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL ANSWER WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

_____ To any sheriff or any person authorized by either Rules 4.1(b) (2) or 4.2(b) (2) or 4.4(b) (2) of the Alabama Rules of Civil Procedure to effect service. You are hereby commanded to serve this summons and a copy of the Complaint in this action upon Defendant.

__X__ This service by certified mail of this summons is initiated upon the written request of **Dennis Steverson** pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

Dated _4/1/2009_                                    Clerk *Megana H. Blo*
                                                          *4/1/09 Rm*

RETURN ON SERVICE:

_____ Certified Mail return receipt received in this office on (Date) _____
(Return receipt hereto attached).

_____ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on (Date) _____.

DATE _____          SERVER SIGNATURE _____

ADDRESS OF SERVER _____
TYPE OF PROCESS SERVER _____

-1-

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

MAMIE E. MADDOX,

           **Plaintiff,**

v.

**AMERICA'S SERVICING COMPANY,**
Fictitious Defendants A, B, C, D, E,
F, G, H, I, and J, whether singular or
plural, being those persons, corporations,
partnerships, or other legal entities who
participated in or were involved in the
incidents made the basis of this Complaint,
the names and identities of the fictitious
defendants are unknown to the plaintiff
but will be added by amendment when
ascertained,

           **Defendants.**

CV 2009-_____

## COMPLAINT

    **COMES NOW** the Plaintiff, **MAMIE MADDOX** (hereinafter "Plaintiff"), by and through her attorney, and for her complaint, states as follows:

### PARTIES, JURISDICTION, AND VENUE

    1.    The Plaintiff is over the age of nineteen (19); a citizen of the State of Alabama; and a resident of Tuscaloosa County, Alabama.

    2.    Defendant, **AMERICA'S SERVICING COMPANY**, (hereinafter "Defendant"), is a foreign corporation and does business in the State of Alabama.

    3.    This Court has jurisdiction over this matter because the **property** made the subject of this complaint is located in this judicial district, and the majority of the events and activities leading up to this litigation took place in this judicial district.

    4.    Fictitious defendants A, B, C, D, E, F, G, H, I, and J are those persons whether singular or plural, being those persons, corporations, partnerships, or other legal entities who participated

1

in or were involved in the incidents made the basis of this complaint whose names and identities are

unknown to the plaintiff but will be added by amendment when ascertained.

## FACTUAL ALLEGATIONS

5.      Plaintiff adopts and realleges each and every allegation contained in the

preceding paragraphs as if set forth fully herein.

6.      In or around January 1998, Plaintiff executed a thirty-year mortgage for the

purchase of her residence in Tuscaloosa County, Alabama, which was subsequently transferred to

Defendant for servicing.

7.      In or around September 5, 2003, Plaintiff's account was transferred from

Defendant to Real Time Resolutions, Inc. (hereinafter Resolutions). Resolutions is a subservicer of

residential mortgages for various investors.

8.      Plaintiff began making her monthly mortgage payments to Resolutions on

September 22, 2003 and continued making her monthly mortgage payments thereafter.

9.      Defendant continued to send monthly mortgage statements to Plaintiff showing

"past due" amounts owed by Plaintiff. Plaintiff contacted America's Serving Company and in November

or December 2005, spoke with Wanda LNU who informed her that she would take care of the problem

and get it straightened out.

10.      On or before August 2007, Plaintiff contacted America's Servicing

Company and made several efforts to have the issue resolved but was met with uncooperation,

stonewalling and resistance. Plaintiff spoke with Defendant employees Patrick LNU, Jason LNU, Peggy

LNU, Michael LNU and LaTasha LNU. Neither of the employees corrected the problem nor removed her

account from collection activities.

11.      Plaintiff advised Defendant that she was making payments to Resolutions but

Defendant continued its insistence that Plaintiff owed a balance to Defendant.

12.      Plaintiff contacted Resolutions and informed a representative that Defendant

2

continued to send her monthly statements, indicating "past due" amounts. The representative informed Plaintiff that he would contact Defendant and advise Defendant that Plaintiff was current.

13.     On or about November 12, 2007, Plaintiff made a loan request to the Credit Union of Alabama (hereinafter Credit Union). In processing Plaintiff's credit application, the Credit Union obtained information from a consumer reporting agency in order to make its decision regarding Plaintiff's request.

14.     On or about November 16, 2007, the Credit Union denied Plaintiff's request for a loan. The adverse action notice mailed to Plaintiff stated that the information obtained from the credit reporting agency showed delinquent past or present credit obligations.

15.     Plaintiff personally contacted the Credit Union and was told that the denial of her loan request was due to Defendant's report to Equifax.

16.     On or about November 17, 2007, Plaintiff contacted Equifax and asked for an investigation into her credit file, specifically the credit account reported by Defendant.

17.     Plaintiff also contacted Experian and Transunion and requested an investigation into her credit file, specifically the credit account reported by Defendant.

18.     In November 2007, Defendant continued to report false and derogatory credit information related to Plaintiff. Defendant continued to permit such information to be reported.

19.     Defendant acted with malice, willful intent, and in complete disregard for the truth in committing the wrongdoing alleged herein.

20.     Defendant has failed to take steps as are necessary to direct the correction, removal, or to otherwise remedy the existing false and damaging credit information in a timely manner.

### COUNT ONE

### (NEGLIGENCE/WANTONNESS/MALICIOUSNESS)

21.     Plaintiff adopts and realleges each and every allegation contained in the preceding paragraphs as if set forth fully herein.

3

22.     Defendant owed a duty to Plaintiff to refrain from erroneously reporting a debt as owed that Plaintiff does not owe.

23.     Defendant breached that duty when Defendant erroneously reported to the credit bureaus that Plaintiff was past due and owed a debt to Defendant that Plaintiff did not owe to Defendant.

24.     Defendant acted with malice, willful intent and recklessly, in complete disregard for the health, safety, welfare, and credit worthiness of Plaintiff.

25.     As a direct and proximate result of the Defendant's malicious and willful actions, Plaintiff has suffered extensive damages, including, but not limited to, denied credit and emotional distress, among other injuries.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against Defendant for compensatory and punitive damages, plus interest, costs, attorney's fees, and any such other and further relief that this Court deems appropriate.

**COUNT TWO**

**(FAIR CREDIT REPORTING ACT)**

26.     Plaintiff adopts and realleges each and every allegation contained in the preceding paragraphs as if set forth fully herein.

27.     Plaintiff brings this action for damages based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* (hereinafter referred to as "FCRA"), and of wilful state law violations as set out above. Plaintiff seeks actual damages, punitive damages, costs, and attorneys fees.

28.     Defendant is a furnisher of information as contemplated by the "FCRA", who regularly and in an ordinary course of business furnish information to one or more consumer reporting agencies and/or third persons about consumer transactions or experiences with any consumer.

29.     Plaintiff's creditworthiness has been repeatedly compromised by the acts,

4

obduracy and general indifference of Defendant. Plaintiff has acquired copies of her credit profile from three credit reporting agencies. Plaintiff's credit report contains the derogatory and erroneous credit information filed by Defendant. Said report caused Plaintiff difficulties regarding the acquisition of financing. The adverse and erroneous information remains on Plaintiff's credit profile.

30.     Despite Plaintiff's attempts to correct this matter and in addition to those attempts, Defendant has failed to correct the information.

31.     There is no evidence that Defendant has taken the necessary steps to obtain or evaluate the pertinent documents, which would enable it to evaluate Plaintiff's claims.

32.     Defendant failed to investigate Plaintiff's dispute in accordance with FCRA § 1681(I).

33.     Defendant could have investigated and verified the inaccuracy of Plaintiff's derogatory credit entry simply by inspecting the relevant documentation. Defendant's failure to properly verify relative to this "point of correspondence" constituted a further violation of FCRA § 1681(I).

34.     In the entire course of this action, Defendant acted with malice and willfully and/or negligently violated the provisions of the Fair Credit Reporting Act in the following respects:

a)     By willfully and/or negligently failing to comport with Fair Credit Reporting Act § 1681s-2(b).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays this Court grant the following relief against Defendant:

a.     actual damages in an amount to be determined by a jury;

b.     punitive damages in amount to be determined by a jury;

c.     attorney's fees; and

d.     costs.

5

## (COUNT THREE)

### (INVASION OF PRIVACY)

35.     Plaintiff adopts and realleges each and every allegation contained in the preceding paragraphs as if set forth fully herein.

36      Defendant intentionally violated and invaded the Plaintiff's privacy and acted with malice and willful intent to injure Plaintiff.

37.     The intrusion violates common decency.

38.     Defendant publicized this intrusion and that publication violates and violated ordinary decency.

39.     Plaintiff has sustained extensive damages including, but not limited to, *inter alia*, damage to reputation, obloquy, public humiliation, shame, embarrassment, contempt, ridicule, aversion, degradation, and disgrace.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against  Defendant for compensatory and punitive damages, plus  interest, costs, attorney's fees, and any such other and further relief that this Court deems appropriate.

### COUNT FOUR

### (DEFAMATION)

40.     Plaintiff adopts and realleges each and every allegation contained in the preceding paragraphs as if set forth fully herein.

41.     Defendant did intentionally, knowingly, and willingly make false and defamatory statements concerning Plaintiff.

42.     The statements communicated were not privileged and were made to third parties.

43.     The statements were made negligently, wantonly, and/or recklessly by Defendant.

44.     Defendant is guilty of both defamation *per se* and defamation *per quod*.

6

Defendant's statements are actionable irrespective of the harm (*per se*), and because Plaintiff has experienced special harm (*per quod*) caused by the publication of the statement.

45.     Plaintiff has sustained extensive damages including, but not limited to, *inter alia*, damage to reputation, obloquy, public humiliation, shame, embarrassment, contempt, ridicule, aversion, degradation, disgrace, and Defendant disparaged Plaintiff in her office, profession, or trade.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendant for compensatory damages, plus interest, costs, attorney's fees, and any such other and further relief that this Court deems appropriate.

## COUNT FIVE

### (INTENTIONAL INFLICTION OF SEVERE EMOTIONAL STRESS)

46.     Plaintiff adopts and realleges each and every allegation contained in the preceding paragraphs as if set forth fully herein.

47.     Defendant, in complete disregard of the rights, privacy, health, and welfare of the Plaintiff, acted intentionally and/or with a reckless disregard for Plaintiff's physical, financial, and/or emotional well being.

**48.**     The actions taken by Defendant were extreme and outrageous, actions that should not be tolerated in a civilized society. Defendant knew or should have known that these wrongful acts would cause extreme emotional distress.

49.     Plaintiff has suffered extreme emotional distress and emotional hardship and **injury** as a direct result of Defendant's extreme and outrageous conduct.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendant for compensatory and punitive damages in an amount to be determined by the trier of fact plus interest, costs, and attorney's fees.

7

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

MAMIE E. MADDOX,

          **Plaintiff,**

**v.**                                            CV 2009 -

**AMERICA'S SERVICING COMPANY,**
Fictitious Defendants A, B, C, D, E,
F, G, H, I, and J, whether singular or
plural, being those persons, corporations,
partnerships, or other legal entities who
participated in or were involved in the
incidents made the basis of this Complaint,
the names and identities of the fictitious
defendants are unknown to the plaintiff
but will be added by amendment when
ascertained,

          **Defendants.**

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT

      COMES now Plaintiff and pursuant to Rule 33 of the Alabama Rules of Civil Procedure, and propounds the following Interrogatories to the Defendant, to be answered within the time allowed by law.

### DEFINITIONS

For purposes of the interrogatories set forth below, the following definitions will apply:

1.    "Plaintiff" refers to, without limitation, the named Plaintiff to this action, **Mamie E. Maddox.**

2.    "Defendant," "you," or "your" or any other synonym of either term refers to, without imitation, America's Servicing Company, a business entity, as well as to any attorney, agent, private investigator, servant, or other representative of **America's Servicing Company.**

3.    "Document" will refer to and include each and every writing or record of every type and description that is or has previously been in your possession (whether actual or constructive), custody, or control (whether immediate or extended), or of which you have knowledge, including, but not limited to, correspondence, tapes, memoranda,

1

## COUNT SIX

### (FAIR DEBT COLLECTION PRACTICES ACT)

50.     Plaintiff adopts and realleges each and every allegation contained in the preceding paragraphs as if set forth fully herein.

51.     Defendant violated the Fair Debt Collection Practices by, among other actions, contacting her regarding the bill and continuing to send past due billing statements to her.

52.     Plaintiff is entitled to damages as a result of the Defendant's violation of the Fair Debt Collection Practices Act.

53.     **WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant for compensatory and punitive damages, plus interest, costs, attorney's fees, and any such other and further relief that this Court deems appropriate.

### **PRAYER FOR RELIEF**

Plaintiff seeks damages against Defendant, plus interest, costs, attorneys fees, and any such other and further relief that this Court deems appropriate.  The amount sought is in total relief and is an aggregation of all damages for all claims.

Respectfully submitted on this the 26th day of March, 2009.

Dennis Steverson [STEO25]
Attorney for Plaintiff
1923 Seventh Street
Tuscaloosa, AL 35401
Phone:  (205) 345-1300
Telefax: (205) 345-1383

**The Plaintiff demands a trial by struck jury.**
**Plaintiff's First Set of Interrogatories and Request of Production to be served with this Complaint.**

**DEFENDANT'S ADDRESS**
**Post Office Box 10388**
**Des Moines, IA 50306-0388**

Dennis Steverson [STEO25]

8

stenographic or handwritten notes, studies, publications, books, diaries, pamphlets, pictures, drawings, graphs, photographs, films, microfilms, voice or other recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including all available copies, drafts and reproductions. "Document" also refers to any other data compilations from which information can be retrieved or obtained, and translated, if necessary, by you through computers or detection into reasonably usable form.

4.   "Possession" includes documents in your possession or control, or in the possession or control of your attorneys, accountants, employees, partners, agents, or other representatives.

5.   "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

6.   "Complaint" refers to the Complaint filed by Plaintiff in this civil action.

7.   Terms of the singular will be deemed to include the plural and terms of the plural will be deemed to include the singular.

8.   "Identify" with respect to any "document" means to provide the following information, regardless of whether the document is deemed privileged or subject to any claim of privilege:

   (a)   The title or other means of identification of each such document;
   (b)   The date of each such document;
   (c)   The author or preparer of each such document, including the name, address, telephone number and current employer of the author or preparer;
   (d)   A summary of the contents of each such document;
   (e)   The name, address and telephone number of the person or persons who have custody or control of the original of each such document;
   (f)   The name, address and telephone number of any and all persons who have custody or control over copies of each such document;
   (g)   Any claims of privilege as to each such document or copy thereof, the nature of the privilege claimed and the grounds supporting the purported claim of privilege.

9.   "Identify" with respect to any "person" means to provide the person's full name, home address, telephone number, race and last known employer. Also, where the individual identified is currently employed by you, the person's present job title is to be provided.

10.   Consumer reporting agency refers to any entity, agency, bureaus or company which collects, maintains, stores, reports or discloses consumer or credit information on individuals, persons, companies, or other business entities, e.g. TransUnion, Experian, and Equifax.

## INTERROGATORIES

1. Identify the name of the agent or employee responding to these interrogatories, including the title and position with Defendant.

2. State the date when Plaintiff opened an account with Defendant.

3. State the date when Defendant first began servicing Plaintiff's account.

4. If Plaintiff did not open her account with Defendant, state the entity with whom Plaintiff opened her account and how Defendant came to service the account.

5. State whether Defendant is the owner of Plaintiff's account, and if so, how and under what circumstances Defendant became the owner of Plaintiff's account.

6. State in detail the type of account Plaintiff opened with Defendant, including the terms of the agreement.

7. State whether Defendant created, stored, and maintained files and information about Plaintiff. If yes, state:

   (a) time and date of creation of each
   (b) dates during which each file existed
   (c) location of files
   (d) persons or entities involved in creation or maintenance of files
   (e) purpose for creating each file

8. State whether Defendant reported or furnished to any credit or consumer reporting bureau or agency (e.g. TransUnion, Experian, Equifax, etc.) any information related to Plaintiff's consumer or credit transactions or experiences with Defendant. If so, state:

   (a)    the name of the agency or bureau
   (b)    the date Plaintiff's information was furnished to the agency
   (c)    the information related about Plaintiff

9. State whether any information or material identifying, describing, referring or alluding to plaintiff was published, communicated, disclosed in any manner to any consumer credit reporting agency or bureau. If yes, the manner in which said information was disclosed and the date(s) of each disclosure.

10. State whether Plaintiff contacted Defendant about inaccurate, erroneous, false or mistaken information related to her account with Defendant. If your answer is yes, state:
   (a)    the name(s) of the employee to whom she spoke
   (b)    the date(s) Plaintiff contact Defendant
   (c)    the information related by Plaintiff to Defendant

3

11. State whether Plaintiff requested that Defendant retract and remove inaccurate, erroneous, false or mistaken information related to her account with Defendant and reported to credit or consumer reporting agencies or bureaus. If your answer is yes, state:
   (a) date(s) of request
   (b) time(s) of request
   (c) place of request
   (d) mode of communicating request
   (f) persons to whom demand communicated
   (g) response of Defendant to request

12. State whether Plaintiff's file was ever marked or flagged for review because accuracy, etc. of information was questioned or suspect. If your answer is yes, state:
   (a) date, time and location of marking
   (b) how long file was so marked
   (c) name, address and role of persons involved in flagging files
   (d) reason for marking or flagging files
   (f) manner or means of how file was managed and information was disclosed
   (g) date, mode and content of any notification to plaintiff

13. State whether Defendant ever reviewed or updated information in Plaintiff's file. If yes, state:

   (a) date, time and location of review or update
   (b) name, address and role of persons or entities involved
   (c) nature of information involved
   (d) reasons for review
   (e) date, mode and content of any notification to plaintiff

14. State whether any information in Plaintiff's file was found to be inaccurate, erroneous, incomplete, fictitious or unverifiable. If yes, state:
   (a) date, time and location of discovery
   (b) name, address and role of each person involved in discovery
   (c) inclusive dates inaccurate, erroneous, incomplete, fictitious or unverifiable information was in file
   (d) whether efforts were made to remedy inaccuracy of information

15. State whether Defendant has been a party to any other lawsuits or complaints since September 2003 involving claims related to reporting or disclosure of erroneous, false, inaccurate, mistaken or unverifiable information to consumer credit reporting bureaus or agencies, e.g. TransUnion, Experian, Equifax.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce all files or documents maintained on Plaintiff from September 2003 to the present.

4

2.    Produce all correspondence received from or written to Plaintiff from September 2003 until the present.

3.    Produce any and all tape-recorded conversations of Plaintiff with any employee or agent of Defendant.

4.    Produce a copy of any and all of Defendant's company rules, regulations and policies related to the disclosure and reporting of consumer information to any person or entity, including consumer reporting agencies and bureaus.

Respectfully requested this the 26th day of March, 2009.

Dennis Steverson [STE025]
Attorney for Plaintiff
1923 Seventh Street
Tuscaloosa, AL 35401
Telephone: (205) 345-1300
Telefax:    (205) 345-1383

5

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>`C` `V` `2` `0` `0` `9` `322` ☐ `-` ☐<br>Date of Filing:                    Judge Code:<br>☐ ☐   ☐ ☐   `2` `0` `0` `9`   ☐☐☐☐☐<br>Month    Day        Year |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ TUSCALOOSA _____, ALABAMA
*(Name of County)*

Mamie E. Maddox _____ v. _____ America's Servicing Company, et al.

| **Plaintiff** | **Defendant** |
|---|---|
| First Plaintiff  ☐ Business   ☑ Individual<br>☐ Government   ☐ Other | First Defendant   ☑ Business   ☑ Individual<br>☐ Government   ☐ Other |

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☑ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (check one):   F ☑ INITIAL FILING   A ☐ APPEAL FROM   o ☐ OTHER: _____
DISTRICT COURT
R ☐ REMANDED   T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
`S` `T` `E` `0` `2` `5`   3/26/09
Date

Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES   ☐ NO   ☑ UNDECIDED

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

America's Servicing Co.
P.O. Box 10388
Des Moines, IA 50306-
0388

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

APR 0 4 2009

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number

7007 3020 0002 8179 5722

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Magaria Bobo, Circuit Clerk
Of Tuscaloosa, County
P.O. Box 638993
Tuscaloosa, AL 35403

CV2009-322   CRM   Maddox
SUMMONS



Batch Name: DMCC-2009052⁷-15

Loan Number: 1099000378

Document 14503

Client Number 106

Type of Correspondence WCFF Other

Workflow Indicator N

Third Party Indicator N

Received Date 5/27/2009

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

MAMIE MADDOX,                         )
    Plaintiff,                      )
                                    )
v.  *100 - 1099000378*               )       Case No.: CV 2009-322
                                    )
AMERICA'S SERVICING COMPANY, ET AL.,)
    Defendants.                     )

### MOTION FOR DEFAULT JUDGMENT

Comes now, the Plaintiff, **Mamie Maddox**, by and through her attorney, **Dennis Steverson** and moves for a Default Judgment against the Defendant, **America's Servicing Company, et al**, based on Rule 55 of the *Alabama Rules of Civil Procedure*, and as support states the following:

1. The Defendant, **America's Servicing Company, et al**, was served a Summons and Complaint in this action on or around April 4, 2009 (Exhibit A).

2. **America's Servicing Company, et al** has not Answered said Complaint.

3. The Plaintiff is due to be granted a Default Judgment against the Defendant, **America's Servicing Company, et al**, based on Rule 55 of the *Alabama Rules of Civil Procedure*.

Respectfully submitted on this the 6th day of May, 2009.

DSM Servicing Mail Support
X2302-04E

DSM Servicing Mail Support
X2302-04E

MAY 1 1 2009

MAY 1 2 2009

#16

#22

/s/Dennis Steverson
Dennis Steverson [STE025]
Attorney for Plaintiff
1923 7th Street
Tuscaloosa, AL 35401
Phone: (205)345-1300
Fax: (205)345-1383

### CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that I have served the Defendant, **America's Servicing Company, et al**, by U.S. Mail postage prepaid to the following address:

**Post Office Box 10388**
**Des Moines, IA 50306-0388**

DSM Servicing Mail Support
X2302-04E

MAY 2 2 2009

#1

Respectfully submitted on this the 6th day of May, 2009.

/s/Dennis Steverson
Dennis Steverson



ELECTRONICALLY FILED
5/29/2009 4:51 PM
CV-2009-000322.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | |
|---|---|
| **MAMIE MADDOX,** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**AMERICA'S SERVICING CO., ET AL.,** )<br>)<br>    **Defendants.** ) | **CV: 2009-000322** |

### NOTICE OF APPEARANCE

COME NOW the undersigned and, without waiving any affirmative defenses available under Rule 12 of the *Alabama Rules of Civil Procedure*, enter their appearance as counsel of record for Defendant Wells Fargo Bank, N.A., d/b/a/ America's Servicing Company.

/s/ D. Keith Andress
D. KEITH ANDRESS (AND 053)
CATHERINE C. LONG (CRO 091)

Attorneys for Wells Fargo Bank, N.A.

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
420 North 20th Street, Ste. 1600
Birmingham, Alabama 35203
(205) 328-0480 – telephone
(205) 322-8007 – facsimile
kandress@bakerdonelson.com
clong@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2009, the foregoing has been served upon the following counsel of record via this Court's electronic notification system, which will send notification of such filing to the following:

Dennis Steverson
1023 7th Street
Tuscaloosa, AL 35401
(205) 345-1300 (telephone)
(205) 345-1383 (facsimile)

/s/ D. Keith Andress
D. KEITH ANDRESS