UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MAMIE MADDOX, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 7:09-CV-01099-LSC |
| | ] |
| AMERICA'S SERVICING CO., | ] |
| | ] |
| Defendant. | ] |

ORDER

The Court has for consideration Plaintiff's Motion for Default Judgment and Motion to Remand filed on June 2, 2009 and June 12, 2009, respectively. (Doc. 5 & 7.) Plaintiff maintains that it served the Defendant with a summons and complaint via certified mail to a post office box in Iowa. That service did not comport with Alabama Rule of Civil Procedure 4(c)(6) in that it failed to name an officer, a partner, a managing or general agent, or any agent authorized by appointment or by law to receive service of process. Ala. R. Civ. P. 4(c)(6); *Alfa Corp. v. Alfagres, S.A.*, 385 F. Supp. 2d 1230, 1238 (M.D. Ala. 2005) ("Thus, when attempting to serve a corporation by certified mail, the summons and complaint must be

addressed to either 'a managing or general agent,' or 'any agent authorized by appointment or by law to receive service of process,' pursuant to Rule 4(c)(6).").  Plaintiff did neither, instead addressing service to "American Servicing Co."  (Doc. 7, Ex. A.)

While courts are often willing to apply rules regarding service with a great deal of flexibility, they will only do so when the party to be served is not prejudiced by the serving parties failure to strictly comport with the rules.  *See Alfa Corp.*, 285 F. Supp. 2d 1239.  Here, Plaintiff seeks to deny the Defendant's right of removal to the federal courts.  Such a finding would obviously prejudice the Defendant.  Therefore, this Court finds that service was not properly executed on April 4, 2009 and was not perfected until May 29, 2009.  As such, the Defendant's removal of this action was timely.  Plaintiff's motions to remand and for default judgment are therefore denied.

Done this <u>13th</u> day of <u>July 2009</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE